UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADFORD D. JENSEN, | ) |
| Petitioner, | ) |
| v. | ) No. 1:18-cv-03230-TWP-MPB |
| WENDY KNIGHT, | ) |
| Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Bradford D. Jensen petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed on rehearing in disciplinary case number CIC 17-05-0117. For the reasons explained in this Order, Mr. Jensen's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On May 8, 2017, Indiana Department of Correction (IDOC) Investigator J. Poer wrote a Report of Conduct charging Mr. Jensen with attempting to commit a violation of a federal, state, or local law, a violation of the IDOC's Adult Disciplinary Code offenses A-111 and A-100. The Report of Conduct states:

> On 5/8/17 I, Inv. J. Poer, was reviewing a JPay message written by offender Jensen, Bradford 893924 17A-4C. The JPay message was sent by offender Jensen on 4/27/17 at 9:32 AM. In the message Jensen tells the customer, "first things first is a burner and few Mexicans that don't carry and ima get rich. Jensen also tells the customer to make a "list of the ppl who have did you wrong cuz ima get even with a few ppl upon my release so if you run across a nice burner grab it and put it up in the attic for me…" In my experience as a Correctional Police Officer, I am confident that Jensen is asking the customer to locate a firearm that will be untraceable i.e. not registered to him or any of his associates. Jensen is also requesting that the customer select several people or "targets" for him to rob. Jensen wants the targets to be ones that are not known to carry guns to make them easier targets. Jensen states he is planning to "get even" with people once he gets out and he plans to "get rich." Based upon the context of this email, I am confident that offender Jensen is asking the customer to locate a gun and hold it for him until his release. Then upon his release, Jensen plans to use that gun to rob people for the purposes of "getting rich" and "getting even". By making this request, offender Jensen is in violation of A111/1100 Conspiring or Attempting to commit any Violation of Law (Robbery IC 35-42-5-1).

Dkt. 9-1. Attached to the Report of Conduct was a printout of the email, which states:

> my lil ninja peakin round corners and what not. i hear that you stayin safe out there makes me feel good. I have my hours in on my job now so i should be getting my time cut soon. i start carreer devl. class tomorrow and thats a 3 month time cut. i start substance abuse may 12th and thats another 6 months so i am working on gettin out there within like 2 years as of today so mos def on the downslide. first things first is a burner and a few mexicans that dont carry and ima get rich. so keep ya ear to thwe pavement and a list of the ppl who have did you wrong cuz ima get even with a few ppl upon my release. so if you run across a nice burner grab it and put it up in the attic for me kid cuz im gonna need a tool to get my riches and a couple of targets too … chu got me bay?????? chea i know you do! you're all i need, so keep it tight aight! B

Dkt. 9-2 [sic].

A disciplinary hearing was held on May 10, 2017. The hearing officer found Mr. Jensen guilty of attempting to commit robbery, a violation of Indiana law. Sanctions were imposed that included the loss of ninety-two days of earned credit time and a demotion in credit earning class. Mr. Jensen unsuccessfully appealed to the Warden and Final Reviewing Authority.

Mr. Jensen then filed a petition for a writ of habeas corpus in this Court. *Jensen v. Knight*, No. 1:18-cv-00065-TWP-TAB (S.D. Ind. Jan. 8, 2018). On August 16, 2018, this Court granted Mr. Jensen's petition, finding insufficient evidence to support the hearing officer's conclusion that Mr. Jensen intended to commit the crime of robbery. *Id.* The respondent was directed to vacate the disciplinary conviction and restore Mr. Jensen's lost earned credits. *Id.*

The IDOC elected to conduct a rehearing on the Report of Conduct. On August 22, 2018, Mr. Jensen was notified of the rehearing and provided a Notice of Disciplinary Hearing (Screening Report). Dkt. 9-3. Mr. Jensen refused to plead, refused to say whether he desired a lay advocate, and refused to answer questions about requested witnesses and evidence. *Id.*

A rehearing was held on August 28, 2018. Mr. Jensen stated that he never said he was going to rob anybody, and that the term "burner" meant a cell phone. Dkt. 9-4. He also read this Court's order granting him habeas corpus relief in the earlier action. The hearing officer considered Mr. Jensen's statement, the staff reports, and the email. *Id.* He found that Mr. Jensen's statement about what "burner" meant was not true, and it did mean a "firearm." *Id.* The hearing officer also found that the evidence proved the Indiana crime of unlawful possession of a firearm by a serious or violent felon. *Id.* He modified the state law statutory citation to conform to the evidence. *Id.* Sanctions imposed in the rehearing included the loss of 180 days of earned time credits and a demotion in credit earning class. *Id.*

Mr. Jensen again appealed to the Warden and Final Reviewing Authority. Dkts. 9-5 & 9 7. Both appeals were again denied. Dkts. 9-6 & 9-8. Mr. Jensen then filed another petition for a writ of habeas corpus, which is this case. He presents four grounds for relief: (1) there was insufficient evidence to prove the elements of the Indiana crime concerning a firearm; (2) the Indiana statute of which he was convicted of attempting to violate does not define an attempt, which is therefore insufficient evidence of an attempt; (3) he was not provided a written statement of the hearing officer's decision and its factual basis at the time of the hearing in violation of Indiana law and IDOC policies; and (4) the sanction imposed at the rehearing was vindictive and retaliatory. Dkt. 1, pp. 3-5. The Warden filed her return, and Mr. Jensen has replied and supplemented his reply.

### C. Analysis and Discussion

### (1) Exhaustion

As an initial matter, the Warden argues that Mr. Jensen did not exhaust his administrative remedies prior to filing this lawsuit as to his first claim. Dkt. 9, p. 6. Mr. Jensen admitted this in his petition. Dkt. 1, p. 6. In reply to the Warden's argument, Mr. Jensen asserts that the IDOC's delay in providing him a statement of the reasons for the hearing officer's decision (the disciplinary hearing report) until just days before his administrative appeal was due, and providing a copy that was illegible, constitutes cause and prejudice and excuses the procedural default. Dkt. 10, p. 1.

In this case it appears to be in the interests of both justice and judicial efficiency that the merits of Mr. Jensen's claim be resolved. In *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997), "the Supreme Court noted that its cases have 'suggest[ed] that the procedural-bar issue should ordinarily be considered first.' Nevertheless, added the Court, it did 'not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be.'" *Brown v. Watters*, 599 F.3d 602, 609–10 (7th Cir. 2010) (quoting *Lambrix*, 520 U.S. at 525).

Thus considering Mr. Jensen's claim on the merits rather than first resolving the exhaustion issue will most likely promote judicial economy. The review permitted of the challenged proceeding is narrow, usually based on an expanded record of the charge, notice, evidence, hearing, and decision. It appears to be an inefficient use of the Court's resources and the parties' time to become invested in untangling the parties' contentions about whether Mr. Jensen exhausted his administrative remedies.

**(2)     Insufficient Evidence**

The Court will address Grounds One and Two together because they both contend a lack of evidence to support the disciplinary conviction. Sufficiency of the evidence claims are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison,* 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

A very brief discussion of the Court's holding in Mr. Jensen's first habeas action is necessary. In that case, the disciplinary hearing officer had found that Mr. Jensen attempted to commit the Indiana crime of robbery. In reviewing Mr. Jensen's habeas corpus claim of insufficient evidence, this Court held:

> Here, accepting Investigator Poer's interpretation of the email as accurate, Mr. Jensen's conduct as a whole did not go beyond mere preparation because he never

> took a substantial step to the knowing or intentional taking of property by force or by placing a person in fear. . . . Arranging for an individual to hide a gun and select targets for him to rob in three years is, at best, mere preparation.

*Jensen v. Knight*, 1:18-cv-00065-TWP-TAB, p. 6 (S.D. Ind. Aug. 16, 2018).

To make a *substantial step* to commit robbery, required under Indiana law to prove an attempt, *see* Ind. Code 35-41-5-1 (defining "attempt"), Mr. Jensen would have had to (1) acquire a firearm, then (2) place a person in fear, and (3) take property from the person. This Court found that instructing the email recipient to find and hide a firearm was simply not a substantial step toward committing robbery.

Here, the circumstances are quite different as to the crime of a serious violent felon unlawfully possessing a firearm. This crime is committed when a person who (1) is a serious violent felon, (2) knowingly possesses (3) a firearm. *See Spearman v. State*, 744 N.E.2d 545 (Ind. Ct. App. 2001); Ind. Code 35-47-4-5. Mr. Jensen is known to be a serious violent felon because his imprisonment at the time of the conduct and hearing was for being a serious violent felon in possession of a firearm. *See* https://www.in.gov/apps/indcorrection/ofs (last visited Aug. 9, 2019).

Whether there was a "substantial step" to commit the crime of being a serious violent felon in possession of a firearm is a decision that had to be made by the hearing officer. This Court finds that there is "some evidence" in the record to support the hearing officer's decision in that regard. Mr. Jensen did not dispute that he sent the email. He would have activated his JPay account (the inmate email system), written out instructions to the recipient on what to do, and then transmit the email. The single element that would need to be proved to complete the crime would be the actual possession of the firearm. Because committing this crime is considerably "easier" to commit or prove than robbery, the steps described above are "some evidence" of a substantial step. In short, Mr. Jensen sent the email recipient instructions to obtain a firearm for him.

Mr. Jensen's argument that there was insufficient evidence to support the hearing officer's decision on whether there was an attempt is therefore without merit.

Mr. Jensen's argument that the term "burner" meant a cell phone, and the IDOC needed to prove that there was an actual firearm involved, is also without merit. The Investigating Officer wrote that in his experience the term "burner" meant firearm. Dkt. 9-1. And from the context of the email, that is a reasonable interpretation. Thus there was "some evidence" to support the hearing officer's decision on this point. Because the charge against Mr. Jensen was that he *attempted* to commit the crime, his contention that the IDOC had to prove the existence of an actual firearm is also without merit.

Habeas corpus relief on Grounds One and Two is **denied**.

### (3)     Written Statement of Decision

Mr. Jensen's third ground for relief is that his rights to due process were violated when he did not timely receive a copy of the hearing officer's decision and reasons for the decision as required by IDOC policy and Indiana law. "Due process requires that an inmate subject to disciplinary action is provided a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007) (internal quotation omitted). But there is no hard time limit under federal constitutional law for providing the inmate with this information. Mr. Jensen admittedly received the information, just not in time for him to exhaust his administrative appeals. Because this Court has bypassed the exhaustion issue and considered Mr. Jensen's claim on the merits, there is no harm or prejudice in the IDOC's delay. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011); *Piggie*, 344 F.3d at 678 (applying the harmless error doctrine to prison disciplinary habeas corpus actions).

Mr. Jensen asserts that the IDOC's delay in providing the written information violated IDOC policy and state law. But violations of state law and policies is not a federal due process concern. *See Sandin v. Conner*, 515 U.S. 472, 481-82 (1995) (prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates."); *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

Habeas corpus relief on Ground Three is **denied**.

### (4) Retaliatory and Vindictive Sanction

Finally, Mr. Jensen contends that his sanction was retaliatory and vindictive because it was twice as harsh as the original sanction. No federal due process right is identified by Mr. Jensen to support this ground. He cites only IDOC policy that provides that disciplinary actions should not be vindictive or retaliatory. Dkt. 1, pp. 5-6 (citing to IDOC policy 02-04-101). But as noted in the discussion of Ground Three, violations of IDOC regulations do not create a federal due process right for habeas corpus. *Sandin,* 515 U.S. 472; *see also Townsend v. Burke,* 334 U.S. 736, 741 (1948) ("The sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus."). Thus, habeas corpus relief on Ground Four is **denied**.

### D. Conclusion

None of Mr. Jensen's four grounds for relief is sufficient. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Jensen to the relief he seeks. Accordingly, Mr. Jensen's petition for a writ of habeas corpus must be **denied** and the action **dismissed** with prejudice.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 8/12/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Bradford D. Jensen
893924
Pendleton - Correctional Industrial Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, IN 46064

David Corey
Indiana Attorney General
david.corey@atg.in.gov

Matthew Franklin Kite
Indiana Attorney General
matthew.kite@atg.in.gov